IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-03324-BNB


CLYDE HARVEY,

        Plaintiff,

v.

DEPUTY SHERIFF BAILEY,
DEPUTY DIST. ATTNY SARA BOUSEMAN, and
WELD COUNTY DIST ATTORNEY KEN BUCK,

        Defendants.

_____

ORDER OF DISMISSAL
_____

        Plaintiff, Clyde Harvey, currently resides in Briggsdale, Colorado.  Plaintiff, a *pro
se* litigant, initiated this action by filing a Complaint pursuant to "ICC 387.3 (GVWR-Less

than 10,001 lbs. Examp Exam) U.S.C. Title 49 Trasportation [sic] ICC 383.3

(Recreation) C.R.S. Title 42 Statutes 42-2-102, 42-2-402, and 42-1-102."  Magistrate

Judge Boyd N. Boland reviewed the Complaint, determined that Plaintiff is challenging

an arrest and conviction for driving a truck without a commercial license and the

confiscation of his truck and personal items in the truck, and directed Plaintiff to amend

the Complaint.  Specifically, Plaintiff was directed to assert a proper jurisdictional basis

for his claims and to state personal participation by properly named defendants in any

alleged constitutional violation.  On January 10, 2014, Plaintiff filed the Amended

Complaint.  For the reasons stated below, the action will be dismissed.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*.

Plaintiff asserts jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 28 U.S.C. § 1331, and federal U.S.C. Title 42. Plaintiff also states that "No individual may be compelled into Commerce." Am. Compl., ECF No. 14, at 3. Plaintiff states that on April 15, 2011, the Weld County Deputy Sheriff Bailey issued him a ticket, executed an arrest, and seized and impounded his truck for driving without possessing a license and for failure to provide proof of liability insurance, both being commercial codes. *Id*. at 3.

Plaintiff asserts three claims. In Claim One, he alleges that on April 15, 2011, Defendant Bailey improperly charged him with violating commercial regulations, and as a result Defendant Bailey violated his Fourth Amendment right to be protected from an illegal search and seizure. In Claim Two, Plaintiff alleges that Defendants Buck, Bouseman, and Bailey waived any claim to immunity because they filed charges against him and set the matter for trial based only on the ticket that was issued against him and the truck registration. Plaintiff further alleges that his due process rights were violated because he was required to pay towing and impound fees for the return of his truck.

Finally, in Claim Three Plaintiff alleges that he was convicted without sufficient evidence.  Plaintiff further alleges that his conviction was a result of malicious prosecution because he did not engage in commerce and does not consent to the "C.R.S. titles 42 derived from title 43, by act of expatriation."  Am. Compl. at 7.  Plaintiff seeks injunctive relief and money damages.

Plaintiff's Fourth Amendment and due process claims for damages more properly are raised pursuant to 42 U.S.C. § 1983 and not pursuant to *Bivens*.  Defendants are not federal employees.  Nonetheless, the claims for damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.

It is apparent that Plaintiff has not invalidated the conviction and sentence at issue.  The Court, therefore, finds that Plaintiff's claims for damages challenging the validity of his state court conviction are barred by the rule in *Heck* and must be dismissed.  Although these claims will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), they will be dismissed for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

Plaintiff's Complaint suffers from other deficiencies.  First, Defendants Bouseman and Buck enjoy immunity from suit under 42 U.S.C. § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976).  Plaintiff attempts to assert a waiver of Defendants'

immunity, in part, because his truck was towed and impounded.  Defendants Bouseman and Buck were not responsible for the towing and impound of Plaintiff's truck.  Plaintiff states under the Nature of Suit section of the Amended Complaint that Defendant Bailey was responsible for seizing and impounding his truck.  Furthermore, Defendants Bouseman and Buck's decision to file charges against him were no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991).  Therefore, Defendants Bouseman and Buck are inappropriate parties to this action based on absolute immunity.

Second, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).  Plaintiff fails to allege that a meaningful postdeprivation remedy was unavailable when Defendant Bailey seized his truck and subsequently Weld County sold the truck and tools that were in the truck.  The property claim will be dismissed as legally frivolous.

Finally, Plaintiff does not assert any violations of Title 42 of the United States Code in the Amended Complaint.  His claims are based only on a ticket he received for violating a state law, statute, or code and the resulting arrest, conviction, and taking of his property.  The claims are subject to dismissal either for failure to state a claim or as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed without prejudice in part pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and to 28 U.S.C. § 1915(e)(2)(B)(ii), and with prejudice in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  16th  day of ___January___, 2014.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court